762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRED JACKSON, PLAINTIFF-APPELLANT,
v.
GOODYEAR TIRE & RUBBER COMPANY, AND UNITED RUBBER, CORK,
LINOLEUM AND PLASTIC WORKERS OF AMERICA, LOCAL
UNION #878, DEFENDANTS-APPELLEES.
 NO. 83-5634
 United States Court of Appeals, Sixth Circuit.
 4/23/85
 
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the judgment dismissing his action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and for breach of the Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties waived oral argument and consented to submission of the appeal on the briefs. Rule 34(f), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment effective February 22, 1980. Efforts to gain reinstatement through his Union proved fruitless and the employer refused to consider the matter after July, 1980. Based upon these facts, the plaintiff filed this hybrid Sec. 301/unfair representation action on March 19, 1982. Upon motion of the defendants and in reliance upon the Supreme Court's decision in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 515 (1983), the district court dismissed the action as untimely filed under Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b).
 
 
 3
 The only relevant issue raised in this appeal is whether the district court erred in applying the DelCostello decision retroactively so as to bar the plaintiff's action. This Court has now held that the DelCostello decision should be given such retroactive application. Simith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). The plaintiff makes no assertion that conduct by the defendants tolled the six-month statute of limitations. Therefore,
 
 
 4
 It is ORDERED that the district court's order of August 8, 1983 dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.